**FILED**
CLERK, U.S. DISTRICT COURT
2/15/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CDO___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>BAKHTIYAR KAMARDINOV and TEMUR AKHMEDOV,<br><br>          Defendants. | CR No. 2:24-cr-00101-PA<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1344(2): Bank Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 1029(a)(2): Access Device Fraud in Excess of $1,000; 18 U.S.C. § 1029(a)(3): Possession of Fifteen or More Unauthorized Access Devices; 18 U.S.C. § 1029(a)(4): Possession of Device Making Equipment; 18 U.S.C. §§ 982, 1029: Criminal Forfeiture] |

     The Grand Jury charges:

                    COUNTS ONE THROUGH EIGHT

                   [18 U.S.C. §§ 1344(2), 2(a)]

                       [ALL DEFENDANTS]

A.   INTRODUCTORY ALLEGATIONS

     At times relevant to this Indictment:

1. California's Employment Development Department ("EDD") was the administrator of unemployment insurance, disability benefits, and paid family leave programs for the State of California. The EDD provided benefits to claimants who the EDD determined were entitled to receive such benefits.

2. EDD benefits were distributed periodically to claimants via electronic transfers to an access device card that, similar to a debit card, enable the user to make cash withdrawals and payments. EDD benefits are distributed through a debit card issued by Bank of America ("EDD card").

3. Bank of America was a financial institution that is insured by the Federal Deposit Insurance Corporation. Upon receiving an EDD card, the recipient would create a Personal Identification Number ("PIN") that would be used to access the benefits account associated with that card. The cardholders can then conduct cash withdrawals at ATMs using that PIN number to withdraw their benefits funds.

4. "Skimming devices" were fraudulent devices installed at ATM machines to surreptitiously steal and store card account numbers and PIN information from cards, including EDD cards, that were inserted into ATM machines. Skimming devices were often installed with pinhole cameras, which captured PIN numbers entered at the ATM.

5. "Cloned cards" were cards that had been re-encoded with account numbers and PIN information that did not match the account number or other visible characteristics on the front of the card. The information re-encoded onto cloned cards may be obtained from skimming devices.

6. Cloned cards can be used at ATMs to withdraw cash benefits, including EDD benefits, from the accountholder's EDD account.

B.   THE SCHEME TO DEFRAUD

   7.   Beginning on a date unknown to the Grand Jury, but no later than on or about August 23, 2021, and continuing through at least on or about February 23, 2022, in Los Angeles, defendants BAKHTIYAR KAMARDINOV and TEMUR AKHMEDOV, each aiding and abetting the other, knowingly and with intent to defraud, devised and executed a scheme to obtain moneys, funds, assets, and other property owned by and in the custody and control of financial institutions, including Bank of America, by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

   8.   The fraudulent scheme operated, and was carried out, in substance, in the following manner:

       a.   Defendant KAMARDINOV, and others known and unknown to the Grand Jury, would install skimming devices and pinhole cameras at ATMs to record the account information of bank customers.

       b.   Defendant KAMARDINOV, and others known and unknown to the Grand Jury, would use the pinhole cameras to capture victims entering their PIN at ATMs. Surreptitious recording of activity at the ATM terminals using pinhole cameras would allow defendant KAMARDINOV to match victim PIN information to the victim card account numbers in order to clone the victims' cards and conduct illicit withdrawals.

       c.   Defendant KAMARDINOV, and others known and unknown to the Grand Jury, would then re-encode prepaid credit cards or gift cards with EDD account information captured by skimming devices.

       d.   Defendants KAMARDINOV and AKHMEDOV, and others known and unknown to the Grand Jury, would obtain cloned EDD cards that had been re-encoded with EDD account numbers, and PIN and personal

identifying information retrieved from skimming devices, in names that were not theirs, that belonged to EDD beneficiaries.

   e. Defendants KAMARDINOV and AKHMEDOV, and others known and unknown to the Grand Jury, would use the re-encoded EDD cards, along with the corresponding stolen PIN numbers and personal identifying information, to steal money from the victims by conducting fraudulent cash withdrawals, including of EDD benefits, without permission or authorization from the EDD account holders. In doing so, defendants KAMARDINOV and AKHMEDOV falsely represented that they were the EDD account holder and were otherwise an authorized user of the card, and concealed that the withdrawals defendants KAMARDINOV and AKHMEDOV made with the re-encoded EDD cards were made without the authorized users' consent.

C. <u>EXECUTION OF THE FRAUDULENT SCHEME</u>

  9. On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendants KAMARDINOV and AKHMEDOV, aiding and abetting each other, committed the following acts, each of which constituted an execution of the fraudulent scheme:

| COUNT | DEFENDANT | DATE | ACT |
| --- | --- | --- | --- |
| ONE | KAMARDINOV | August 23, 2021 | Used an EDD card issued in the name of J.R. to withdraw $1,000 at a Bank of America ATM in Van Nuys, California |
| TWO | KAMARDINOV | August 23, 2021 | Used an EDD card issued in the name of L.M. to withdraw $500 at a Bank of America ATM in Van Nuys, California |

| COUNT | DEFENDANT | DATE | ACT |
|---|---|---|---|
| THREE | AKHMEDOV | August 23, 2021 | Used an EDD card issued in the name of A.P. to withdraw $1,000 at a Bank of America ATM in Van Nuys, California |
| FOUR | KAMARDINOV | August 23, 2021 | Used an EDD card issued in the name of B.E. to withdraw $1,000 at a Bank of America ATM in Van Nuys, California |
| FIVE | AKHMEDOV | August 23, 2021 | Used an EDD card issued in the name of S.A. to withdraw $1,000 at a Bank of America ATM in Van Nuys, California |
| SIX | AKHMEDOV | August 23, 2021 | Used an EDD card issued in the name of A.V. to withdraw $1,000 at a Bank of America ATM in Van Nuys, California |
| SEVEN | KAMARDINOV | February 23, 2022 | Used an EDD card issued in the name of J.C. to withdraw $1,000 at a Bank of America ATM in Signal Hill, California |
| EIGHT | KAMARDINOV | February 23, 2022 | Used an EDD card issued in the name of S.S. to withdraw $1,000 at a Bank of America ATM in Signal Hill, California |

COUNT NINE

[18 U.S.C. § 1028A(a)(1)]

[DEFENDANT KAMARDINOV]

On or about August 23, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant BAKHTIYAR KAMARDINOV knowingly possessed and used, without lawful authority, a means of identification that he knew belonged to another person, namely, the Employment Development Department ("EDD") account number and PIN of victim J.R., during and in relation to the offense of Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Count Three of this Indictment.

COUNT TEN

[18 U.S.C. § 1028A(a)(1)]

[DEFENDANT AKHMEDOV]

On or about August 23, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant TEMUR AKHMEDOV knowingly possessed and used, without lawful authority, a means of identification that he knew belonged to another person, namely, the Employment Development Department ("EDD") account number and PIN of victim A.P., during and in relation to the offense of Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Count Three of this Indictment.

COUNT ELEVEN

[18 U.S.C. § 1028A(a)(1)]

[DEFENDANT KAMARDINOV]

On or about February 23, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendant BAKHTIYAR KAMARDINOV knowingly possessed and used, without lawful authority, a means of identification that he knew belonged to another person, namely, the Employment Development Department ("EDD") account number and PIN of victim S.S., during and in relation to the offense of Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Count Eight of this Indictment.

COUNT TWELVE

[18 U.S.C. §§ 1029(a)(3), 2(a)]

[ALL DEFENDANTS]

On or about August 31, 2021, in Los Angeles County, within the Central District of California, defendants BAKHTIYAR KAMARDINOV and TEMUR AKHMEDOV, each aiding and abetting the other, knowingly and with intent to defraud, possessed at least fifteen unauthorized access devices (as defined in Title 18, United States Code, Sections 1029(e)(1) and (3)), namely, approximately 274 cards that had been re-encoded with Employment Development Department ("EDD") account numbers, all issued to persons other than defendants KAMARDINOV and AKHMEDOV, with said possession affecting interstate and foreign commerce.

COUNT THIRTEEN

[18 U.S.C. §§ 1029(a)(2), 2(a)]

[ALL DEFENDANTS]

Beginning on a date unknown, but no later than on August 23, 2021, and continuing through on or about August 31, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendants BAKHTIYAR KAMARDINOV and TEMUR AKHMEDOV, aiding and abetting each other, knowingly and with intent to defraud, used unauthorized access devices (as defined in Title 18, United States Code, Sections 1029(e)(1) and (3)), namely, Employment Development Department ("EDD") account numbers belonging to persons other than defendants KAMARDINOV and AKHMEDOV, and by such conduct obtained things of value aggregating at least $1,000 during a one-year period, with said use having an effect on interstate and foreign commerce.

COUNT FOURTEEN

[18 U.S.C. §§ 1029(a)(3)]

[DEFENDANT KAMARDINOV]

On or about February 23, 2022, in Los Angeles County, within the Central District of California, defendant BAKHTIYAR KAMARDINOV, knowingly and with intent to defraud, possessed at least fifteen unauthorized access devices (as defined in Title 18, United States Code, Sections 1029(e)(1) and (3)), namely, approximately 133 cards that had been re-encoded with Employment Development Department ("EDD") account numbers, all issued to persons other than defendant KAMARDINOV, with said possession affecting interstate and foreign commerce.

COUNT FIFTEEN

[18 U.S.C. § 1029(a)(2)]

[DEFENDANT KAMARDINOV]

Beginning on a date unknown, and continuing to on or about February 23, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendant BAKHTIYAR KAMARDINOV, knowingly and with intent to defraud, used unauthorized access devices (as defined in Title 18, United States Code, Sections 1029(e)(1) and (3)), namely, Employment Development Department ("EDD") account numbers belonging to persons other than defendant KAMARDINOV, and by such conduct obtained things of value aggregating at least $1,000 during a one-year period, with said use having an effect on interstate and foreign commerce.

COUNT SIXTEEN

[18 U.S.C. § 1029(a)(4)]

[DEFENDANT KAMARDINOV]

On or about February 23, 2022, in Los Angeles County, within the Central District of California, defendant BAKHTIYAR KAMARDINOV, knowingly and with intent to defraud, possessed inside his automobile, device-making equipment (as defined in Title 18, United States Code, Section 1029(e)(6)), namely, twelve automated teller machine ("ATM") skimming devices and nine pinhole cameras, with said possession affecting interstate and foreign commerce.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Eleven of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), any defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. §§ 982 and 1029]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982(a)(2) and 1029, in the event of any defendant's conviction of the offenses set forth in any of Counts Twelve through Sixteen of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense;

(b) Any personal property used or intended to be used to commit the offense; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2), any defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the

court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

    /s/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

SARAH E. SPIELBERGER
Assistant United States Attorney
General Crimes Section